IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
(Clarksburg Division)

ELECTRONICALLY FILED
May 16 2017
U.S. DISTRICT COURT
Northern District of WV

AMY DUITCH,

    Plaintiff,

v.

ECM ENERGY SERVICES, INC.
and HENRY WAHL,

    Defendants,

Case No. 1:17-CV-90
Judge: Keeley

## COMPLAINT

NOW COMES Plaintiff, Amy Duitch, by and through her undersigned counsel, and files this Complaint against Defendants, ECM Energy Services, Inc. and Henry Wahl, making claims to recover unpaid minimum wages and unpaid overtime wages under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., individually, as provided in 29 U.S.C. § 216(b).

## PARTIES

1. Plaintiff, Amy Duitch ("Plaintiff"), is an individual residing in Alum Bridge, Lewis County, West Virginia.

2. Defendant, ECM Energy Services, Inc. ("Defendant ECM"), is a corporation organized pursuant to the laws of the State of Delaware, authorized to do business in the State of West Virginia.

3. Defendant ECM has a principal office located at 130 Court Street, Williamsport, Pennsylvania, 17701, and a place of business at 99 Pallet Street, Bridgeport, West Virginia, 26330.

4. Defendant ECM is an energy services company focused on natural gas and oil

trucking and water logistics, specializing in the deployment of water trucks and traffic cars for natural gas and oil drilling operations, and providing traffic control, water manifold management and lime kiln distribution services throughout Pennsylvania, Ohio, and West Virginia.

5. Defendant, Henry Wahl ("Defendant Wahl"), is the Chief Executive Officer, President, and Owner of Defendant ECM.

6. Defendant Wahl, at all relevant times, has had extensive managerial responsibilities and substantial control of the terms and conditions of the work of Plaintiff, including, without limitation, hiring and firing employees, setting schedules, setting employees' pay rates, and directing the daily operations of Defendant ECM.

7. At all relevant times, Defendants were acting through their agents, supervisors, directors, officers, employees and assigns, and within the full scope of such agency, office, employment, or assignment.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over Plaintiff's claims under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), pursuant to 28 U.S.C. § 1331, because these claims arise under the laws of the United States.

9. At all relevant times, Plaintiff was an employee of Defendants and worked a substantial amount of time from or out of Defendants' West Virginia facilities.

10. Venue is appropriate in the U.S. District Court for the Northern District of West Virginia pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## FACTS

11. Plaintiff worked for Defendants as a "traffic employee" from approximately May 17, 2014 until approximately December 6, 2014.

12. During the relevant time period, Defendants paid Plaintiff a "day rate" for each day of work by Plaintiff, but Plaintiff received no overtime wages in addition to the "day rate," even though she was entitled to overtime compensation under the law.

13. The U.S. Department of Labor, Wage and Hour Division ("DOL") has conducted an investigation of Defendants' pay practices, including the pay practices with regard to the Plaintiff.

14. The DOL concluded in its investigation that Defendants had failed to pay Plaintiff all the minimum and/or overtime wages to which Plaintiff was and is entitled.

15. Plaintiff received a letter dated July 22, 2016 from the DOL stating Defendants owed Plaintiff $3,791.10 in unpaid minimum wages or unpaid overtime wages.

16. In its letter to Plaintiff, the DOL indicated that its Wage and Hour Division had contacted the Defendants, explained the FLSA wage requirements, and requested that the Plaintiff then be paid the wages owed to her; however, the letter further advised Plaintiff that the Defendants would not agree to voluntarily pay the Plaintiff the wages owed to her.

17. Even though the FLSA entitles employees like the Plaintiff to extra overtime compensation for hours worked over 40 per week, by failing to pay the Plaintiff the overtime premium to which she is entitled, even after being notified of its duty to do so by the DOL's Wage and Hour Division, the Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## CLAIM FOR UNPAID WAGES AND UNPAID OVERTIME WAGES
## UNDER THE FAIR LABOR STANDARDS ACT

18. Plaintiff incorporates by reference Paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. Each Defendant is an "employer" as defined in the FLSA at 28 U.S.C. § 203.

20. Defendant ECM is an "enterprise engaged in commerce" as defined in the FLSA at 28 U.S.C. § 203.

21. Defendant Wahl, at all relevant times, has been an owner and agent of Defendant ECM, had extensive managerial responsibilities and substantial control of the terms and conditions of the work of Plaintiff, and consequently is an "employer" under the FLSA.

22. Defendants were required to pay Plaintiff minimum wages and required to pay overtime wages at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of 40 hours in a work week pursuant to the FLSA, 28 U.S.C. § 207.

23. Defendants failed to pay Plaintiff all wages and overtime wages due and owing to Plaintiff in violation of the FLSA, 28 U.S.C. § 207.

24. Defendants' failure to pay wages and overtime wages in violation of the FLSA was willful.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of herself and other members of the class and collective, seeks the following relief:

A. Unpaid overtime wages and prejudgment interest;

B. Liquidated damages (under FLSA only);

C. Litigation costs, expenses, and attorneys' fees; and

D. Such other and further relief as this Court deems just and proper.

To the extent permitted by law, Plaintiff demands a trial by jury on all triable issues.

Dated: May 16, 2017

                               **AMY DUITCH**
                               By Counsel:


                               /s/ Keith A. Jones
                               Keith A. Jones, Esq. (WVSB #1923)
                               JONES LAW GROUP, PLLC
                               P.O. Box 13395
                               120 Esta Lane
                               Charleston, West Virginia 25360
                               (304) 984-9800 (office)
                               (304) 984-9801 (fax)
                               kjoneslaw@aol.com